UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARK A HAYNIE,

Defendant.

Case No. 15-cr-117-3-pp

---

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT HAYNIE'S MOTION TO SEVER (DKT. NO. 412)**

---

On June 9, 2015, the grand jury returned a sixty-six count indictment against defendant Haynie and twenty-one other defendants. Dkt. No. 115. The first count alleges a conspiracy among ten of the defendants to distribute heroin; the remaining counts allege that various groups of defendants possessed drugs with intent to distribute on certain dates, or used communications facilities to facilitate drug dealing on various dates (and one defendant was charged as a felon in possession—not defendant Haynie). Earlier in the case, Judge Joseph designated the case as complex, due to the scope of the case and the amount of discovery.

Since the date of the indictment, three of the twenty-two defendants have filed executed plea agreements. This leaves eighteen (18) defendants in a trial posture (although one other defendant has asked the court for an order directing the pretrial services office to conduct a pre-plea criminal history

investigation). The court has not yet scheduled a trial date; a scheduling hearing is set for September 15, 2016 at 3:30 p.m. to hold further discussions.

On August 24, 2016, defendant Haynie filed a motion to sever his case from that of the other defendants, citing Fed. R. Crim. P. 8(b) and 14(a). Given the arguments in the motion and the current status of the case, the court will deny that motion.

Defendant Haynie first argues that he is misjoined with the other defendants in the case pursuant to Fed. R. Crim. P. 8(b). Rule 8(b) states that an indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The rule specifically provides that "[t]he defendants may be charged in on or more counts together or separately," and that "[a]ll defendants need not be charged in each count."

Count One of the indictment in this case alleges that ten of the twenty-two defendants participated in the heroin conspiracy; defendant Haynie is one of those ten defendants. Five other counts allege that defendant Haynie and others (mostly defendant Rayford Williams) possessed with intent to distribute and distributed heroin on dates certain. Williams is one of the defendants with whom Haynie is alleged to have conspired.

In United States v. Garner, the Seventh Circuit held that "[i]t is well-established that a conspiracy charge is a proper basis for joinder under Rule 8(b)." United States v. Garner, 837 F.2d 1404, 1412 (7th Cir. 1987) (citing United States v. Bruun, 809 F.2d 397, 406 (7th Cir. 1987)). The court has

reiterated that holding over the years. See, e.g., United States v. Diaz, 876 F2d. 1344, 1355-56 (7th Cir. 1989); United States v. Stillo, 57 F.3d 553, 557 (7th Cir. 1995). Despite this well-established holding, Haynie argues that he should not be joined with others in this indictment. In support of his Rule 8(b) misjoinder argument, he simply states, "The prejudicial joinder arguments below apply to the defendant's misjoinder argument." Dkt. No. 412 at 2. As the government notes in its response, this isn't really an argument in support of misjoinder. Dkt. No. 425 at 4. The court finds no basis for concluding that Haynie has been misjoined with the other defendants in this case under Rule 8(b).

Haynie devotes most of his motion to arguing that even if the court finds that he was properly joined under Rule 8(b), the court should sever his case from the other defendants' under Fed. R. Crim. P. 14(a). Rule 14(a) provides that if the joinder of offenses or defendants "appears to prejudice a defendant or the government," the court "may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Rule 14 "leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts." United States v. Rollins, 301 F.3d 511, 517-18 (7th Cir. 2002) (quoting United States v. Moore, 115 F.3d 1348, 1362 (7th Cir. 1997)). The determination that the district court must make is one of "balancing the cost of multiple trials against the possible prejudice inherent in a single trial . . . ." Id. at 518.

In support of his argument that he would be prejudiced by having to go to trial with the other defendants charged in the indictment, Haynie states that, "[a]t this stage in the overall case, there are a number of different factual scenarios which might develop to cause prejudice at a joint trial." Dkt. No. 412 at 3. One of those scenarios, he states, is the possibility that "evidence inadmissible against the defendant alone is admissible if the defendants are tried jointly." Id. He describes the evidence that the government has against him—telephone conversations between Haynie and defendant Rayford Williams—and then indicates that based on the discussion among the parties at the last status hearing, it is possible that only he and one other defendant will go to trial. Id. at 3-4. Accordingly, he argues that a joint trial will not promote judicial economy. Id. at 4. He concludes by saying that "[c]ounsel estimates that Haynie's trial alone will take 2 days, not 2 weeks if tried with co-defendants." Id.

As far as the court can tell, these disparate (and speculative) statements boil down to this: Haynie would like to go to trial as soon as possible, and to have his trial take as little time as possible. He believes that if his case were severed from the cases of the other defendants, he could go to trial right away, whereas he believes that if he remains one of twenty-two defendants, it will take longer for his case to go to trial. He believes that if he goes to trial alone, his case will be over in a fifth of the time it would take to try all of the defendants. Thus, the "prejudice" that Haynie identifies is having to wait to go to trial, and having to be embroiled in trial for a longer period of time. While

Rule 14(a) does not define "prejudice," those issues constitute prejudice that might not exist were he to be tried alone.

Haynie's argument is premised on the assumption that trying one defendant takes less time than trying multiple defendants. Standing on its own, this is an over-generalization. The length of a trial, and the length of time it takes to get to trial, depends on the charges and the evidence. It can take months to try a single defendant if that defendant is charged in multiple counts (as defendant Haynie is), or with numerous separate act, or is faced with factully complex allegations; it can take days to try multiple defendants on a single, straight-forward count. The same is true in terms of Haynie's assumption regarding how quickly the court could get his case on the calendar. It depends on the court's calendar, on the availability of witnesses (the government's and the defendants), the government's calendar, and the calendar of defense counsel, among other things. Standing alone, Haynie's arguments that he would be prejudiced by having to go to trial with others is not sufficient to outweigh the judicial economy created by trying him with his co-defendants.

Haynie's reasoning ignores the fact that practically, he *cannot* go to trial alone. Count One charges him with conspiring with nine other co-defendants. As of the date of this order, one of the nine defendants charged with defendant Haynie in Count One has been dismissed (defendant Hines), and two (defendants David Williams and William Phillips) have filed executed guilty plea

agreements. This leaves six other defendants with whom defendant Haynie is alleged to have conspired.

By definition, a conspiracy is an agreement among two or more people to commit a crime. It is logical that the trial of a conspiracy involve trying the people who allegedly agreed with each other in the same trial; the evidence that person A conspired with person B is similar, if not identical, to the evidence that person B conspired with person A. While it is true that under federal law, all of the named members of the conspiracy do not have to conspire with each other, or even know each other, each has to have conspired with someone else in order for a jury to find the defendant guilty of conspiracy. So, at the very least, defendant Haynie would have at least one co-defendant at trial. Two of the six other defendants charged in Count One—Rayford Williams and Brenda North—also are Haynie's co-defendants in the substantive counts against him. Again, from a practical standpoint, logic dictates that Haynie would have at least two co-defendants at trial.

Thus, even if the court were to agree that it made sense to sever *something* at this point, it does not make sense to sever defendant Haynie from everyone else. He'd still have to go to trial with at least two other people, which likely would mean that he still would suffer the prejudice of having to coordinate his counsel's schedule with that of two other defense attorneys, the government and the court, and having a trial that might last longer than would a single-defendant trial.

Haynie's argument ignores the fact that the two co-defendants with whom he is charged in all of the counts in which he's named are charged in other counts in the indictment. While Haynie does not request this in his motion, he might have, instead of asking the court to sever *him* from the other defendants, asked the court to sever the six *counts* charging Haynie from the other sixty counts of the indictment. While that action might speed the process for *Haynie*, it would both thwart judicial economy and cause prejudice to Rayford Williams and Brenda North. It would require those two defendants to go to trial twice (if they ultimately decided to go to trial). Given the nature of conspiracy charges, it likely would require the presentation of similar evidence and witnesses at more than one trial. The inefficiency of such a process, and the burden on the government and other defendants, outweighs the prejudice Haynie alleges.

Haynie also argued that, based on the representations of various counsel at the August 10, 2016 status conference, "[i]t appeared from the informal tally that Margaree Campbell and Mark Haynie are perhaps the only two defendants remaining for the trial calendar." Dkt. No. 412 at 4. This assertion is not supported by the record. Counsel for the government represented at that hearing that the government had submitted proposed plea agreements to a number of the defendants. She also speculated that it was unlikely that many of the defendants would go to trial. And a number of attorneys present confirmed that they had received proposed plea agreements from the government.

But when the court questioned each counsel separately, the majority of lawyers present indicated that their clients were still thinking through their options. A number of counsel were not able to attend the hearing, and had given Attorney Campion their proxies to appear for them. But Attorney Campion understandably could not state whether those attorneys' clients had made decisions about whether to go to trial. Counsel for defendant Haynie and counsel for defendant Campbell both stated emphatically that their clients were going to trial, but the fact that the other counsel present could not make such an emphatic statement either way is not proof that their clients would plead guilty.

It appears that Haynie is urging the court to assume that all but two defendants will plead guilty, and, rather than waiting for all the other defendants to make that decision and execute plea agreements, bow to what he views as the inevitable and go ahead and schedule his trial now. Too many assumptions are required for the court to grant severance now, based on that reasoning.

Finally, Haynie speculates that if he has to go to trial with other people, it is possible that evidence that wouldn't be admissible if offered against him alone would be admitted at a joint trial. That is conceivable. That is why, however, the Supreme Court has made clear that "the trial judge has a continuing duty at all stages of the trial to grant a severance if prejudice does appear." Schaffer v. United States, 362 U.S. 511, 516 (1960). At this point, without knowing which defendants will ultimately go to trial and on what

counts, the prejudice Haynie describes is speculative. If, when it is time to admit evidence, his fear approaches becoming a reality, he can renew his motion to sever, and this court is required to consider severance if that prejudice threatens to outweigh the economy of the joint trial. At this point, however, the burden imposed by severance outweighs the speculative burden of Haynie's jury being presented with evidence inadmissible against Haynie.

Defendant Haynie is not misjoined under Rule 8(b). At this point in the proceedings, he has not demonstrated that the prejudice he suffers—delay, a longer trial and the possibility of inadmissible evidence being introduced against him—outweighs efficiency of a joint trial.

The court **DENIES WITHOUT PREJUDICE** defendant Haynie's motion to sever. Dkt. No. 412.

Dated in Milwaukee, Wisconsin this 15th day of September, 2016.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**