# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                      Case No. 15-CR-117

MARK HAYNIE,

    Defendant.

## ORDER ON DEFENDANT'S MOTION TO REOPEN DETENTION ORDER

    Mark Haynie is charged in six counts of a sixty-six count indictment charging him and twenty-one co-defendants with heroin trafficking. Specifically, Haynie is charged with conspiracy to possess with intent to distribute and to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2 (Count One); and attempt to distribute and possess with intent to distribute heroin on five occasions in violation of 21 U.S.C. §§ 846, 841(a)(1), 841 (b)(1)(C), and 18 U.S.C. § 2(Counts Two, Twelve, Fifteen, Seventeen, and Twenty). (Docket # 115.) Haynie has pled not guilty and jury trial before the Honorable Judge Pepper is scheduled for February 6, 2017.

    Haynie initially appeared before me for a detention hearing back on May 15, 2015. On that date, I indicated because Haynie had a federal hold on him from the Northern District of Illinois for alleged violation of his supervised release order, I would detain Haynie and review the matter if his status changed. (Docket # 60.) Haynie has now filed a motion to reopen the detention hearing. Haynie submits that if bond is granted in this case, the court in the Northern District of Illinois will consider bond in his revocation matter. (Docket # 468.) The government has responded that

regardless of what the court in the Northern District of Illinois chooses to do in its case, there are no combination of conditions that will assure the safety of the community from Haynie. Additionally, the government argues that Haynie is a flight risk. (Docket # 474.)

A defendant who has been detained can seek to reopen the detention hearing under 18 U.S.C. § 3142(f)(2), which provides as follows:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community.

In this case, after reviewing the bond study report and analyzing the factors that I must consider under 18 U.S.C. § 3142(g), I respectfully decline to release Haynie on conditions for several reasons. First, Haynie is charged with a presumptive detention offense. Second, even if Haynie were to rebut the presumption, his prior criminal record indicates a risk of danger to the community if released. He has a federal conviction from the Northern District of Illinois for conspiracy to possess firearms, conspiracy to possess firearms in relation to a drug trafficking crime, and conspiracy to distribute cocaine; an Illinois conviction for murder; and an Illinois conviction for possession of marijuana. Finally, Haynie is alleged to have committed the charged offense while under supervised release in the Northern District of Illinois. That in itself undermines confidence that Haynie would comply with release conditions. While I appreciate that Haynie has been in custody since his arrest back on May 11, 2015, these facts support, by clear and convincing evidence, that there are no combination of conditions that will reasonably assure the safety of the community from Haynie.

**IT IS SO ORDERED**.

Dated at Milwaukee, Wisconsin this 3rd day of November, 2016.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge